## Vogg v. Missouri Pacific Railway Company, *Appellant.*

### Division Two, March 10, 1897.

1. **Practice**: RAILROAD ACCIDENT: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. Where the facts in evidence show a clear case of contributory negligence by plaintiff, it is unnecessary to consider whether error was committed in granting plaintiff a new trial because the trial court did not single out any particular instruction as being wrong, but granted the motion simply "on account of an erroneous instruction given on behalf of said defendant," since the verdict was clearly for the right party.

2. **Contributory Negligence**: RAILROAD: INJURY AT CROSSING. One who loiteringly stood on a railroad track and did not look in the direction of an approaching train, which might have been seen by him for a distance of two blocks and a half, and was run over by such train, was guilty of contributory negligence, and the railroad is not responsible for the damage to his person, and a demurrer to the evidence should have been sustained, although the railroad did not comply with a city ordinance requiring a watchman at the crossing where the accident occurred, and although the train was running at a higher rate of speed than permitted by law, and although the brakeman was on the front end instead of the rear end of the last car of the backing train, contrary to the requirements of the ordinance.

*Appeal from St. Louis Circuit Court.*—Hon. W. W. Edwards, Judge.

Reversed and remanded.

*H. S. Priest* and *H. G. Herbel* for appellant.

(1) The court erred in sustaining plaintiff's motion for a new trial on the ground that instruction number 5 given by it at the request of defendant was erroneous. *Swain v. Railroad,* 28 Pac. 829; *McGrew v. Railroad,* 109 Mo. 589; *Bradford v. Floyd,* 80 Mo. 207; R. S. 1889, sec. 2303; *Fitzgerald v. Barker,* 96 Mo. 665; *Hurd v. Atkins,* 29 Pac. 528; *Patrick v. Skoman,* 29 Pac. 21; *Cleveland v. Miller,* 53 N. W. Rep. 961; *Railroad v. Morgan,* 32 N. E. Rep. 85; *Wallace v. Railroad,* 16 S. E. Rep. 36.     (2) Defendant's demurrers to the evidence should have been sustained on account of plaintiff's contributory negligence and of defendant's freedom from negligence. *Maxey v. Railroad,* 113 Mo. 1; *Hyde v. Railroad,* 110 Mo. 272; *Williams v. Railroad,* 96 Mo. 279; *Hixson v. Railroad,* 80 Mo. 340; *Kelly v. Railroad,* 88 Mo. 547.     (3) The verdict was for the right party, and should not have been disturbed, for that reason. *Fitzgerald v. Barker,* 96 Mo. 665. Plaintiff's evidence shows that there was so much noise at the place where he was struck that he could not hear an engine bell ringing, and his own testimony shows that he did not look for trains before placing himself in dangerous proximity to the track, and that if he had looked he could have seen the train approaching him for at least two blocks or six hundred feet. There was no evidence adduced by plaintiff to prove that the train could have been stopped any quicker than it was, hence the conclusion, that plain-

tiff's injury was the result of his own carelessness, must inevitably follow.

*Sterling P. Bond* and *A. R. Taylor* for respondent.

(1) The court erred in permitting defendant's counsel to interrogate plaintiff on the question of change of venue. *Dowling v. Allen & Co.*, 88 Mo. 300; *Stearns v. Railroad*, 94 Mo. 321; *Vawter v. Hultz*, 112 Mo. 639; 11 Greenlf. Ev. [12 Ed.], sec. 455; *Philadelphia & T. R. Co. v. Stimpson*, 39 U. S., 14 Pet. 448, see p. 459; *People v. Brown*, 72 N. Y. 574; *People v. Oyer & Terminer Court*, New York, 83 N. Y. 436; see 459; *Gt. W. Turnpike Co. v. Loomis*, 32 N. Y. 138. (2) It is error to give instructions that are contradictory. *Price v. Railroad*, 77 Mo. 512; *Bluedorn v. Railroad*, 108 Mo. 439–450. (3) An instruction is erroneous which directs the jury to consider positive and affirmative evidence in preference to that which is negative and circumstantial. *Chubbuck v. Railroad*, 77 Mo. 594; *Murray v. Railroad*, 101 Mo. 242. (4) It is not the law that a pedestrian should use other ordinary care than to look and listen, and an instruction which so declares is misleading. *Zimmerman v. Railroad*, 71 Mo. 476; *George v. Railroad*, 40 Mo. App. 447. (5) Though the plaintiff was negligent in going on the track, the railroad is still liable, if it knew, or by the exercise of ordinary care might have known, of the danger plaintiff was in, in time to have prevented the accident. *Drain v. Railroad*, 86 Mo. 582; *Werner v. Railroad*, 81 Mo. 368–374; *Dickson v. Railroad*, 104 Mo. 497; *Isabel v. Railroad*, 60 Mo. 481; *Bergman v. Railroad*, 88 Mo. 678; *Maher v. Railroad*, 64 Mo. 276; *Dunkman v. Railroad*, 95 Mo. 246; *Guenther v. Railroad*, 95 Mo. 286. (6) It is error to give conflicting instructions. Third for plaintiff, and fourth for defendant,

and seventh for defendant, are conflicting. (7) An instruction should not be given which singles out one statement in evidence and directs a verdict on the truth of such statement in disregard of other evidence. *Spohn v. Railroad*, 87 Mo. 81. (8) An instruction should be refused where it assumes or ignores material facts. *Maxwell v. Railroad*, 85 Mo. 105; *Stoher v. Railroad*, 91 Mo. 509. (9) It was clear error to give instruction number 5 for defendant.

*H. G. Herbel* and *H. S. Priest* for appellant in reply.

(1) The defendant, on this appeal, has the right to insist that, under the pleadings and evidence, there was no case for the jury, and if this contention be established, the action of the court in awarding a new trial must be reversed. (2) There was no case for the jury under the pleadings and the evidence. *Yancey v. Railroad*, 93 Mo. 433; *Boyd v. Railroad*, 105 Mo. 371. (3) When the verdict is clearly right on the evidence, errors in instructions will be treated as harmless. R. S. 1889, sec. 2303; *McGrew v. Railroad*, 109 Mo. 589; *Bradford v. Floyd*, 80 Mo. 207; *Gray v. Railroad*, 64 Mo. 47; *Sparling v. Conway*, 75 Mo. 510; *Frick v. Railroad*, 75 Mo. 595-610; *Tate v. Barcroft*, 1 Mo. 163; *Wear v. McCorkle*, 1 Mo. 588; *Swearingen v. Orine*, 8 Mo. 707; *Garesche v. Deane*, 40 Mo. 168; *Hedecker v. Ganzhorn*, 50 Mo. 154; *Dunbar v. Weightman*, 51 Mo. 432; *Jackson v. Magruder*, 51 Mo. 55; *Sinclair v. Bradley*, 52 Mo. 180; *Nelson v. Foster*, 66 Mo. 381; *Noble v. Blount*, 77 Mo. 235; *Sebree v. Patterson*, 92 Mo. 451; *Deal v. Cooper*, 94 Mo. 62; *Ghio v. Beard*, 11 Mo. App. 21; *Brown v. Railroad*, 20 Mo. App. 427; *Brooking v. Shinn*, 25 Mo. App. 277; *Hunter v. Transp. Co.*, 25 Mo. App. 660; *Kortjohn v. Seimers*, 29 Mo. App. 271; *Bassett v. Glover*, 31 Mo. App. 150; *Standard Oil*

*Co. v. Bretz*, 98 Ind. 231; *Cheek v. Waldron*, 39 Mo. App. 21; *Beiler v. Devoll*, 40 Mo. App. 251.

SHERWOOD, J.—Action by plaintiff for an injury suffered by him on the thirteenth day of August, 1891, in consequence of being struck in the back by a short train of cars, thrown forward on his face and his left ankle run over, necessitating its amputation; for which injury he claimed damages in the sum of $25,000. The trial occurred in February, 1892.

This suit was instituted in the circuit court of the city of St. Louis, and was transferred to St. Louis county by change of venue granted plaintiff on account of the alleged prejudice of the inhabitants of the city of St. Louis against him.

The negligence charged in the petition was the failure of defendant to comply with certain city ordinances requiring railroad companies to station a watchman at cross or intersecting improved streets, and to ring the bell on the engine while in motion, and to station a man on top of the car at the end of the train farthest from the engine to give danger signals, and prohibiting them from running their trains at a greater rate of speed than six miles per hour.

Defendant's answer was a general denial and plea of contributory negligence on plaintiff's part and authority to run its trains over the spur track at the point at which plaintiff was injured.

The diagram subjoined, shows the surroundings and scene of the accident, which occurred at a point on the plat marked with the *.

Briefly presented, the facts attending the injury were these: On the thirteenth of August, 1891, about the middle of the afternoon, plaintiff started from where he was employed as water tender for the Municipal Electric Light & Power Company's works, which is

PLAT SHOWING
LOCATION OF SIDE TRACK
ON
GRATIOT ST.
ST LOUIS MO.
SCI=300

between Eighteenth and Nineteenth streets on Gratiot, and went westward on the north sidewalk of Gratiot street, two blocks and a half to a point opposite Taylor's saloon on the southwest corner of Gratiot and Twenty-first streets. He had been working for that company about two months and a half. When he arrived opposite that point he crossed over to the saloon for the purpose of getting a bottle of soda water for himself and a bucket of beer for a companion. Having procured these articles, as he went out of the saloon at the north door, he saw the railroad tracks on the street; looked west but did not see any train, and so he turned and walked on the shady side of the street on the south sidewalk of Gratiot street, and had gone east some two hundred feet or more along that sidewalk when he was struck at the point indicated. At that point a spur from the main tracks turns south and crosses the sidewalk on a curve leading into the premises or yards of the St. Louis Wire Mills. This spur track, though sunk below the level of the sidewalk some two or three inches, was readily visible to anyone who would glance downward while passing along. The wire works are located next to the sidewalk, the windows are low, nearly on a level with the sidewalk, the windows were open that day and the nail machines in full operation, and as plaintiff passed that point, he was seized with a curiosity to watch the operations of the nail machines, and so he peered in at them having his attention there alone concentered, and either while sauntering slowly along, or just as he had "kind of stopped for ten or fifteen seconds," as plaintiff himself puts it (though he does not testify directly that he was standing still at the time); but whether walking or standing, he was looking in at the nail machines when he was struck in the back by the corner of a car, which was the easterly-most of three cars of coal and engine

and a tender, which was being backed in on the spur track with coal for the wire mills. The force of the blow cast plaintiff down on the west sidewalk next to the wire mill building, and ran over his ankle. It also appeared from plaintiff's own testimony, that he did not look in the direction from which the train came after he passed out of the saloon up to the time that he was struck; that if he had looked in that direction, he could have seen the train approaching for a distance of two blocks and a half.

The testimony of Sties, a witness for plaintiff, who was in his father's blacksmith shop, only some sixty feet northeasterly across the street from where the accident occurred, looking out of the window at plaintiff, was to the effect that he had seen plaintiff go on to the saloon; noticed him on his return; saw him slowly walking along on the sidewalk by the side of the wire mill; that witness saw the three cars, etc., approaching, coming eastward, with a brakeman on the front end of the backing car, leaning on his brake; that witness then looked away for a moment, when hearing the brakeman halloo, witness looked up again in that direction, and saw plaintiff fall over; that he was struck just as the brakeman cried out. The testimony for plaintiff further tended to show that these cars were moving at the rate of twelve to fifteen miles per hour; that none of the witnesses for plaintiff heard any bell ringing as the train was backing, though those who lived in the vicinity of the wire mills all admitted that when the windows were open and the nail machines were at work, no other sounds could be heard at that place, nor could the sound of a voice be heard there.

The testimony adduced by the defendant tended to prove that this train was moving eastward on Gratiot street at a speed of six miles per hour or less; that

there was a man stationed on the end of the car farthest from the engine, and one on each of the other two cars; that as the foremost car upon which this man was stationed was about making the curve east of Twenty-first street, which curve was forty-eight feet from the corner of the wire mill building where plaintiff got hurt, to go into the wire mill, plaintiff was seen standing on the pavement looking into the mill; that he then started to walk on and the brakeman on said car seeing the danger of a collision with him, shouted to him as loud as he could, but owing to the noise produced by the wire mill, he did not seem to hear him. The brakeman also gave the stop signal to the engineer, and the train was brought to a halt as speedily as possible, but not soon enough to prevent the corner of the car from striking plaintiff and knocking him down; that the bell of the engine was constantly sounded, and plaintiff could, by looking in the direction from which the train came, have seen it for a distance of about two blocks and a half.

Defendant demurred to the evidence at the close of plaintiff's evidence and at the close of the whole case, but unsuccessfully.

The jury after receiving most elaborate instructions on behalf of the respective parties litigant, returned a verdict for defendant. Plaintiff filed motion for a new trial, and the court granted it "on account of an erroneous instruction given on behalf of said defendant." What instruction it was is nowhere pointed out.

Owing to the facts which have already been disclosed, however, it is unnecessary to discuss whether error was committed in instructing the jury or not, since the evidence shows such a clear case of contributory negligence on the part of plaintiff, directly contributing to his injury as to leave no doubt that the

verdict of the jury was for the right party and should not have been permitted to stand had it been otherwise than it was. This is the rule in such matters as has been laid down by this court on many previous occasions. *Fitzgerald v. Barker*, 96 Mo. 661; *Noble v. Blount*, 77 Mo. 235; *Otto v. Bent*, 48 Mo. 23; *Greer v. Bank*, 128 Mo. 559; *Keen v. Schnedler*, 92 Mo. 516; *Bushey v. Glenn*, 107 Mo. 331; *Macfarland v. Heim*, 127 Mo. 327; *Wear v. McCorkle*, 1 Mo. 588; *Swearingen v. Orne*, 8 Mo. 707; *Garesche v. Deane*, 40 Mo. 168, and many other cases.

This case in its contributory negligence features, is strongly resemblant of that of *Maxey v. Railroad*, 113 Mo. 1, and for like reasons therein stated the instruction in the nature of a demurrer should have been given. See that case and the authorities therein cited, and also the later cases of *Hayden v. Railroad*, 124 Mo. 566; *Kelsay v. Railroad*, 129 Mo. 362; *Lane v. Railroad*, 33 S. W. Rep. 645.

Judgment reversed and cause remanded to the circuit court with directions to enter a judgment for the defendant. All concur.