OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1900.

*(Continued from Volume 158.)*

DAVIES v. PEOPLE'S RAILWAY COMPANY, Appellant.

Division One, December 11, 1900.

1. **Contributory Negligence:** WORKING IN STREET: DEMURRER TO CASE. Under permission from the city authorities, the contractors for a building had deposited in the street just in front thereof, large quantities of building materials, so that only enough space for a wagon remained between the street railway tracks and the materials deposited. Plaintiff with his back to an approaching car, was assisting in unloading some heavy iron beams, and in order to do this he was compelled to use a lever and to stand in the rear of the wagon and slightly within the range of the cars, which were constantly passing. He was so engaged at the time of his injury, did not see or hear the approaching car, it was not checked, no bell was rung, no warning given of its approach, there was a full and unobstructed view of the track for some distance, and while plaintiff

was unloading this wagon, two other cars had passed, and being warned of their approach he merely had to step aside or turn half way around to escape injury. Plaintiff had been employed for sometime at this point, knew that cars were continually passing, and admitted that he was aware of the danger. There was no allegation that the injury was wantonly or willfully done. *Held,* that, under these facts shown by plaintiff's pleading and evidence, it was not incumbent on defendant to show plaintiff's contributory negligence, but that the court should have decided as a matter of law that, upon plaintiff's own showing, he *could not recover, and it* was error *to* submit the case to the jury.

2. **Comparative Negligence.** The doctrine of comparative negligence *has no recognition in this court.*

Transferred from St. Louis Court of Appeals.

REVERSED.

*M. Kinealy* and *Jas. R. Kinealy* for appellant.

(1)   Plaintiff was guilty of contributory negligence which bars his recovery, and the court should have instructed the jury at the close of the case that he was not entitled to. recover.   Culbertson v. Railroad, 36 S. W. 834; Jones v. Barmead, 63 Mo. App. 501; Vogg v. Railroad, 36 S. W. 646; Henry v. Railroad, 76 Mo. 293; Lane v. Railroad, 33 S. W. 651; Johnston v. Stewart, 34 S. W. 889; Schoenholtz v. Railroad, 37 N. Y. Sup. 682.   (2) The court by its action on the instructions, indicated to the jury that contributory negligence of plaintiff had no bearing on the case; that defendant must watch plaintiff, anticipate injury to him and protect him from injury so far as ordinary care will do so, whether he is negligent or not.   This is not now the law in Missouri.   See cases cited under point 1.   (3) There was no evidence tending to show that defendant's employees were guilty of negligence entitling plaintiff to recover,

even if the question of his contributory negligence were out of the case. Whitaker's Smith on Negligence, chap 5; Little v. Railroad, 24 S. E. 514.

*J. M. Holmes* for respondent.

Defendant was engaged in operating a cable road on one of the most crowded streets in the city. It has no exclusive right of way in the street, but must use its rights therein with due regard to the rights of others. For months the street, at the point at which the accident occurred, had been obstructed, and lawfully obstructed, by masses of building material, and by teams and men engaged in unloading the same. This fact was well known to the defendant and its employees. Plaintiff was lawfully in the street and was engaged in a lawful occupation. Moreover, he was engaged in heavy labor—lifting with a lever the end of an iron beam of great weight, so that a noose could be put over the end of it. Naturally and properly he took the position which the exigencies of his task required. He had a perfect right to assume that the employees of the defendant would operate their cars in the only way in which, under such circumstances, they could be operated safely, and in the way in which, under such circumstances, they customarily are operated. The duty of defendant's employees was very plain. In approaching a man so employed they should proceed with the greatest caution; not merely giving signals such as would be recognized by a man whose mind was intent upon his task and whose muscles were straining under the burden of it, but satisfying themselves that they were observed, and coming to a full stop, if necessary, if not so satisfied. From the nature of his occupation, plaintiff was entitled to reckon upon this amount of care on the part of defendant's employees. Gratiot v. Railroad, 116 Mo. 450; Baird v. Railroad, 48 S. W. 78.

ROBINSON, J.—This case has been certified here by the St. Louis Court of Appeals, after an opinion written in the cause by that court, for the reason, as expressed therein, that one of the judges thereof is of opinion that its decision is opposed to the decision of this court in the case of Maxey v. Railroad, 113 Mo. 1, and Vogg v. Railroad, 138 Mo. 172.

The following is the statement of the case by that court, and the recitation of the facts shown on part of the plaintiff:

"The defendant owns and operates a double track cable street railway on Fourth street in the city of St. Louis. The plaintiff at the times hereinafter referred to was employed about the work on a building which was being erected on the west side of Fourth street just north of Valentine street. Under permission from the city authorities the contractors had deposited on the street in front of the building large quantities of building materials, leaving just enough space between the east track of defendant's road and the materials for the unloading of wagons. This had been the condition of the street for several months prior to the 3d day of April, 1895. On that day the plaintiff was engaged (at the point indicated) in unloading from a wagon a lot of heavy iron beams, and while doing so he was struck by a car on defendant's road receiving serious injuries, for which he sues in this action.

"The averment of negligence in the petition is that 'he (plaintiff) was struck by said car wholly and entirely through the fault, carelessness and gross negligence of the agents, servants and employees of defendant who were operating the same, who failed to check the speed of said car or to ring the bell, or to in any manner warn plaintiff of the approach of said car, although he was standing with his back to it, and in plain view of the persons engaged in its operation.'

"The answer contained a general denial and also a plea of contributory negligence.

"The plaintiff's evidence tended to prove these facts in addition to those already stated: The plaintiff's duty was to superintend and assist in removing materials from the wagons. At the time he received the injuries he was assisting in unloading some heavy iron beams from a wagon. The wagon was east of the railroad track a sufficient distance to allow cars to pass, its rear end being to the south. The cars on the east track ran north. The iron beams were being removed from the wagon by means of ropes, which were attached to a derrick. In adjusting the ropes the plaintiff by use of a lever prized up the ends of the beams at the rear end of the wagon, and in order to do this he was compelled to stand in the rear and slightly to the west of the west hind wheel of the wagon, thus exposing himself to the danger of being struck by a passing car. At the time of the accident the plaintiff was standing with his back to the approaching car, and was prying up the end of a beam while his assistants were fastening the hoisting apparatus around it. He did not see or hear the car, and the parties in charge of it failed to check its speed or to ring a bell, or give any warning whatever of its approach. For some distance south of the point where the plaintiff was at work, there was a full and unobstructed view of defendant's track. The plaintiff admitted on cross-examination that there was barely enough space between the track and the wagon to allow a man to stand sidewise along the side of the wagon and escape injury from a passing car, and that while he was unloading this particular wagon two other cars had passed, and being warned of their approach, he merely had to step aside or turn half way around to escape injury. He also admitted that he had been employed for some time at the work; that cars were continually passing, and that he was aware of the danger. He also admitted that the position assumed by him was the most dan-

gerous one, but he asserted that the work could not have been done in any other way."

Upon these facts under the pleadings in this case, was defendant called upon to make good the allegations of contributory negligence on part of plaintiff set up in its answer, or to deny the allegations of its negligence as indicated by plaintiff's testimony; or should not the court, as requested by defendant, at the close of plaintiff's testimony have decided as a matter of law, that upon his own showing plaintiff was not entitled to recover? If defendant's contention in this regard is not correct then the judgment of the trial court, and its affirmance by the court of appeals, must be sustained, as in all other respects no error appears to have been committed against it.

Under these facts what was there for the determination of the jury that the case should have been submitted to it? Certainly it must go by the saying, that the voluntary assuming of a position upon or so near to the tracks of a street railway, over which cars are run every few minutes, that they can not pass without inflicting an injury to the party so positioned, unless the intervention of some independent agency occurs to prevent it, is an act in itself of the grossest negligence. If in taking the position assumed by plaintiff, and at the same time engaging in an undertaking, as he says he was, that prevented his seeing or hearing the approach of the cars upon defendant's road, that he knew were due and liable to pass along at any moment, does not constitute an act of negligence that must be said to have contributed to the injury resulting to him, on account of being run against by one of defendant's cars pursuing its usual course upon the tracks, it would be idle to search the field of practical experience for an illustration of what is termed in law an act of contributory negligence. The plaintiff had no right to assume a place of danger upon defendant's tracks and deliberately

engage in an undertaking in such a manner as to deprive himself of the benefit of the sense of sight and hearing, the common avenues through which the approach of danger is communicated, and trust that defendant's agents in the course of their employment would be more considerate and watchful for his safety than he himself.

The question of plaintiff's alleged contributory negligence as a bar to his right of recovery set up in defendant's answer, would become a matter for the consideration and determination of the jury, when the facts showing that condition were not testified to or admitted by the plaintiff, or when the facts shown are such as to lead the minds of reasonable men to different conclusions as to whether plaintiff's conduct under the circumstances was or was not an act of negligence; but when, as in this case, the plaintiff himself has shown the existence of all those conditions and facts, which if proven by · defendant, would have made out a clear case of contributory negligence against plaintiff, the court must pronounce the judgment of law upon those facts and nothing is left for the jury. It is not the right of a jury, whose office begins and terminates with the consideration and determination of facts (as in a case like this) to consider and pronounce the legal conclusion flowing from the admitted or ascertained facts. That is the sole prerogative and duty of the court, and can never be properly surrendered to the jury. When the plaintiff himself has shown a state of facts, the existence of which if shown by defendant would have entitled it to an instruction, to the effect that if the jury found the same to be true, the plaintiff was not entitled to recover, and the verdict must be for defendant, what would be the necessity for, and what the office of a jury? The court in writing the instruction in such a case would have. pronounced the law's judgment upon the facts, as agreed by plaintiff, and the jury's

ratification of it by a verdict would be unnecessary and meaningless, as its disapproval by an adverse verdict would be contemptuous and unwarranted, and the possibility for such latter expression should never be afforded to a jury.

While not questioning in the least the general doctrine so often announced by this court, that when the burden of proof under the pleadings upon a material issue in the case is upon one party to the suit, the question of the credibility of the testimony offered on that issue by that party is for the jury alone, and that the court, though the issuable fact is undisputed, has not the right to assume its existence as against the other party to the suit, and pronounce the law's judgment upon it, but must leave its ascertainment and determination to the jury under proper instructions applicable to such fact or facts; still that doctrine furnishes no warrant for the action of the trial court in submitting this case to the jury, although when submitted, after defendant's instructions for a verdict had been denied, the defendant showed a state of facts upon plaintiff's alleged contributory negligence, as well as the negligence charged to itself, at variance with the facts as testified to by plaintiff and his witnesses. . That doctrine has no application to the condition of this case.

While under the pleadings, it is true, the burden of proving plaintiff's alleged contributory negligence was primarily upon defendant, that burden was relieved by the plaintiff himself testifying to a state of facts making good the averment of defendant's answer, and as against plaintiff the court could apply to the facts he disclosed, the law's judgment thereon. As to plaintiff, the situation was as upon facts agreed. If the plaintiff was not entitled to recover for the injuries inflicted upon himself by defendant's cars, on account of his contibutory negligence, then no possible good could come from a further prosecution of the inquiry as to the

extent of defendant's negligence in the premises. The doctrine of comparative negligence has no recognition in this court, and as there was neither allegation nor proof by plaintiff that the injury to him was wantonly or willfully inflicted by the agent of defendant in charge of its cars, there was nothing left for the jury after plaintiff's contributory negligence was shown by his own statement of the facts.

The peremptory instruction asked by defendant at the close of plaintiff's testimony should have been given by the court, and for its refusal, its judgment should be reversed and it is so ordered.

All concur.