KIMBLE, Respondent, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 1, 1904.

1. STREET RAILWAYS: Contributory Negligence: Driving on Track. Plaintiff's evidence showed that he was after night driving in his wagon on defendant's car track along an unlighted street, when there was sufficient space on the street at the side for him to drive; that he looked back a minute before he was struck and saw no car. *Held*, in an action for injuries received by collision with car approaching from the rear, that he was *not guilty of contributory negligence as a matter of* law.

2. ————: ————: Incomplete Instruction. An instruction in such case, which properly defined the plaintiff's and defendant's duties in the circumstances, is insufficient where it does not tell the jury the legal consequences of the neglect of such duties by either party.

Kimble v. Railroad.

3. ———: ———:- Negligence of Motorman. Where the evidence was uncertain as to the distance the headlight would show the wagon on the track, and the motarman testified that he kept a sharp lookout but did not see the wagon until the car was within fifteen feet of it, a distance within which the car could not have been stopped, the evidence was sufficient to warrant the jury in finding the motorman by keeping a sharp lookout would have seen the wagon in time to have stopped the car.

4. ———: ———: Contributory Negligence. If the plaintiff in such case saw or heard the car in time to have driven off the track and himself avoided the collision, he was guilty of negligence that directly contributed to his injury and could not recover, although the motorman saw or could have seen him in time to have stopped the car and averted the injury.

5. PERSONAL INJURIES: Measure of Damages: Absence of Evidence. In the action for damages on account of personal injuries, an instruction which authorized a recovery for medical attendance as an element of damage, in the absence of any evidence that the plaintiff had paid or was obligated to pay for any such service, was erroneous.

Apeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

REVERSED AND REMANDED.

*Dawson & Garvin* and *Leonard Wilcox* for appellant.

(1) The instruction for nonsuit should have been given. McGauley v. Transit Co., — ; Davies v. Railway, 159 Mo. 4, 67 Mo. App. 601; Hicks v. Railway, 124 Mo. 126, 27 S. W. 542: Reno v. Railway, —. Mo. —; Culbertson v. Railway, 140 Mo. 64. 36 S. W. 834; Petty v. Railway, — Mo. —. (2) The court withdrew the issue of contributory negligence from the jury and in so doing erred; and it was error to give instructions 1, 3 and 4 and each of them, and to refuse instructions 10, 11, 12 and 13 and each of them. Moore v. Railway, 176 Mo. 544, 75 S. W. 672; Noll v. Transit Co., 73 S. W. 907; Hook v. Railway, 162 Mo. 569, 63 S. W. 360; Ryan v. Railway, 108 Wis. 125; Kelsay v. Rail-

road, 129 Mo. 362, 30 S. W. 339; Booth on St. Rys., sec. 303; Ehrisman v. Railway, 150 Pa. St. 186; Vogg, v. Railway, 138 Mo. 178, 36 S. W. 646; Gebhardt v. Transit Co., 97 Mo. App. 383, 71 S. W. 448; Campbell v. Railway, 175 Mo. 184, 75 S. W. 86. (3) Instruction 5 on the measure of damages was not warranted by the evidence, and it was error to refuse Nos. 15 and 16. Nixon v. Railway, 141 Mo. 440; Smith v. Railway, 108 Mo. 251, 18 S. W. 971; Evans v. Joplin, 76 Mo. App. 22; Plummer v. Milan, 70 Mo. App. 601; Fullerton v. Fordyce, 121 Mo. 1, 25 S. W. 587; Ross v. Kansas City, 48 Mo. App. 440, 449; Pryor v. Railway. 85 Mo. App. 372.

*Bass & Brock* for respondent.

(1) The court did not err in refusing to give the instruction for nonsuit. Schaffstette v. Railroad, 175 Mo. 142, 74 S. W. 826; Morgan v. Railroad, 159 Mo. 262, 60 S. W. 195; Grocer Co. v. Railroad, 89 Mo. App. 391; Baird v. Railroad, 146 Mo. 265, 48 S. W. 78; Klockenbrink v. Railroad, 81 Mo. App. 351; McAndrew v. Railroad, 88 Mo. App. 97; Klockenbrink v. Railroad, 172 Mo. 678, 72 S. W. 900; Buren v. Railroad, 78 S. W. 680; Baxter v. Railroad, 78 S. W. 70; Jett v. Railroad, 77 S. W. 738; Dairy Co. v. Railroad, 77 S. W. 346; Degel v. Railroad, 74 S. W. 156; Shanks v. Railroad, 74 S. W. 386; Noll v. Railroad, 73 S. W. 907; Fearons v. Railroad, — Mo. —. (2) The court did not withdraw the issue of contributory negligence from the jury, but sufficiently instructed the jury on that issue by instructions 1, 3 and 4. Instructions 10, 11, 12 and 13 were cumulative merely and it was not error to refuse them. Connolly v. St. Joseph Pres. Ptg. Co., 166 Mo. 447, 66 S. W. 268; Dixon v. Atkinson, 86 Mo. App. 24. (3) Instruction 5 was not erroneous, and the court did not err in refusing to give instructions 15 and 16 for the reason that the substance of said instructions is pre-

sented in instruction 5. In instruction 5 the court instructed the jurors the damages must be such as they may believe is a fair and reasonable compensation from the evidence and value of medical attention in the future was necessarily speculative. Klutts v. Railroad, 75 Mo. 647; Gerdes v. Christopher, etc., Co., 124 Mo. 347, 25 S. W. 557; Schmitz v. Railroad, 119 Mo. 256, 24 S. W. 472; O'Neill v. Blase, 94 Mo. App. 648, 68 S. W. 764; Young v. Webb City, 150 Mo. 333, 51 S. W. 709; Tandy v. Railroad, 77 S. W. 994. (4) Prospective loss and medical attention necessarily speculative. Hickey v. Welsh, 91 Mo. App. 4; Chilton v. St. Joseph, 143 Mo. 192, 44 S. W. 766; Riley v. Railroad, 72 Mo. App. 280.

BLAND, P. J.—1. After dark, on October 11, 1900, plaintiff was driving his one-horse wagon east on Wash street and was travelling in defendant's south railway track in said street. A car travelling in the same direction on the same track, struck the rear end of the wagon and threw plaintiff to the ground injuring him. He recovered a judgment in the circuit court for these injuries. Defendant appealed.

The petition charges several distinct acts of negligence to the defendant's servants in charge of the car. However, only one of these charges was relied upon at the trial as furnishing ground for a recovery. It is as follows:

"Defendant through its agents and servants in charge of and managing said car, negligently, carelessly, maliciously and wantonly failed to keep a sharp lookout ahead and bring said car to a stop in time to prevent said car striking plaintiff's wagon, as required by the ordinance of the city of St. Louis, regulating the running of street cars."

The ordinances referred to were not offered or read in evidence and there is no evidence of malice or

wantonness on the part of defendant's servants in charge of the car.

The instruction upon which the verdict was rendered in plaintiff's favor is as follows:,

"1. If they believe from the evidence that the plaintiff at the time he was struck and injured by defendant's car, was driving in an eastwardly direction over and upon the east-bound track of the defendant's electric railway upon Wash street, at a point near Eighteenth and Wash streets, in this city, after dark, on the evening of the eleventh day of October, 1900; and if they further believe that the employees of the defendant in charge of said car could have seen a person driving along said track at said place at said time, and if they further believe that said street, to-wit, Wash street, along which plaintiff was driving, was at said time and place a public street, and if they further believe that the plaintiff while driving along defendant's tracks at said time and place became in imminent danger of being struck by defendant's said car and defendant's employees in charge of said car became aware of plaintiff's danger of being struck in time to enable them by the exercise of ordinary care to have stopped said car and to have averted the collision of said car with plaintiff's cart or wagon; or if the jury believe from the evidence that said employees in charge of said car by the exercise of ordinary care could have discovered the plaintiff's danger of being struck by said car in time to have stopped said car and averted said collision with plaintiff's wagon after they became aware of plaintiff's danger, and they failed to exercise such care and stop said car in time to avert said collision and that by reason of such failure to exercise such ordinary care the said car was not stopped in time after they became aware of plaintiff's danger, to avert the collision and the plaintiff was struck and injured by said car, then the jury will find for the plaintiff though the jury may be-

lieve that plaintiff was guilty of negligence in driving upon defendant's tracks at said time and place.''

It is contended by defendant that the evidence did not warrant this instruction and that its instruction in the nature of a demurrer to the evidence, offered at the close of plaintiff's case and again at the close of all the evidence, should have been given. This contention necessitates some examination of the evidence heard at the trial.

The answer set up contributory negligence as one of the defenses.

Plaintiff testified as follows:

''I was driving very rapidly to get home at a certain hour so I could meet the man who I did a job for, to get my money, and I was kind of looking out to give 'em a good clear cut off so they could pass me and not touch me, and I was looking back so I could see 'em any distance, so I could get off, but when I discovered the car, and before I could turn my horse out it was just like a gunshot to me.

''Q. What are you talking about; what was like a gunshot? A. The car when it run into me. Whilst driving on rapidly I looked back and I saw a light, and just as I saw a light I was sitting down near my horse so I could kick him up and hold the lines and direct him any way I wanted to, and just as I saw the car I directed my horse and did all I could do to get out of the way, but the car struck me at the time. . . . I was attempting to turn out when I saw the car.''

That he looked back a minute before he was struck and did not see the car; that he did not hear the car coming; that several cars going west on the north track passed him and that he knew cars passed over both tracks at frequent intervals.

Robert Dickson testified for plaintiff, that he saw the collision; that plaintiff was trying to drive off the track when he was struck; that he was once a street-car conductor for about eight months and estimated the

speed of the car at fifteen miles per hour; that the car ran from ten to twelve feet after it struck the wagon.

It was shown that the grade of the street where the collision took place was slightly ascending.    It is also shown that the headlight of the car was lighted and the car itself was lighted by electricity.

The conductor testified that by the beams of light from the headlight, a man could be seen twice the length of the courtroom (dimensions of the room not given); that the car, at the time of the collision, was running at a speed of about seven miles per hour.    The motorman in charge of the car testified that he did not see the wagon until the car was within fifteen feet of it and that it was then too late to stop the car to avert the collision; that he was running the car at a speed of from six to eight miles per hour and could not have stopped it with safety to the passengers, in less than from forty-five to fifty feet; that when he discovered the wagon, he put on the brakes and reversed the power and did all that could be done to stop the car.    Two expert witnesses testified that, if the car was running at a speed of fifteen miles per hour, it could not have been stopped in less than from one hundred and thirty-five to one hundred and forty-five feet; that if it was running at eight miles it could have been stopped in a space of from forty-five to fifty feet.

Plaintiff testified that the night was not a dark one, that it was clear but the street lights were not lighted. Witnesses for defendant testified that the night was dark and foggy and there were no street lights.

It was admitted that a city ordinance prohibited a speed of more than ten miles per hour east of Grand avenue.    (The collision took place east of Grand avenue.)

Wash street is paved with asphalt and there is a space of about eight feet between the railway track and the curb.

In McGauley v. St. Louis Transit Company, 179

Mo. 583, 79 S. W. 461, the Supreme Court held: "Where plaintiff drove his wagon on the track of defendant street railway company at a point where he might have driven in the street outside of the track, and, though it was dark and the street was not lighted, continued on the track for a short distance of from three blocks to a quarter of a mile without looking back until a car was within less than a block, he was guilty of contributory negligence, as a matter of law."

The plaintiff in this case testified that he looked back about a minute before he was struck, therefore, he was not altogether oblivious to his surroundings and not guilty of the same degree of negligence as was Mc-Gauley, and we do not think was guilty of such negligence as would authorize a court to say as a matter of law that he is precluded from recovering, although the evidence clearly shows that he was guilty of some negligence. In fact, it is evidence of negligence that he drove in the track in the nighttime when he could just as well have driven to one side.

We think, as an abstract proposition of law, the court properly defined plaintiff's and defendant's respective duties in the circumstances by the following instruction:

"The court instructs the jury that if they believe from the evidence that defendant's cars at the place where the plaintiff was struck ran over tracks laid along a public street of the city of St. Louis, then it was the duty of the employees of the defendant in charge of the car which collided with plaintiff to keep a sharp lookout ahead for persons riding along said track, and in case they saw any person upon said tracks to give signal of the approach of said car in time to give said person a chance to remove himself from said track and avoid being struck by said car; and it was also the duty of persons driving along the track to keep a lookout for cars approaching from behind and to use ordinary care to avoid collision with cars thus approaching."

But while the above instruction is a correct expo-
sition of the law in the abstract, it does not tell the jury
the legal consequences of a neglect of such duties by
either party.

It seems to us that the question upon which the
case hinges is not, that plaintiff, as a matter of law, is
guilty of such contributory negligence as to preclude
his recovery, but is as to the sufficiency of the evidence
to show negligence on the part of the motorman in
charge of the car, that is, whether or not there is any sub-
stantial evidence that he saw or, by exercise of due
diligence, could have seen plaintiff's perilous situa-
tion in time to have stopped the car and averted the
collision. There were no street lights and it is not
shown at what distance ahead the rays of light from
the headlight penetrated, and hence no direct evidence
to show at what distance ahead the motorman saw or
could have seen the plaintiff's wagon, had he kept a
sharp lookout. The conductor said the beams from
the headlight were thrown forward twice the length of
the court room. The motorman testified that he kept
a sharp lookout ahead but that he did not see the wagon
until the car was within fifteen feet of it. The evidence
of the conductor and motorman does not agree as to the
distance the wagon could have been seen. The head-
light was burning brightly, according to the evidence,
and it seems highly improbable that the wagon could
not have been seen at a greater distance than fifteen
feet ahead of the car, and the inference is that the jury,
which was in a position to estimate the distance the con-
ductor said the wagon could have been seen, was
guided by this estimate and found that the wagon could
have been seen in time to have stopped the car and
averted the collision. Hence we are not prepared to
say that there was no evidence to warrant the jury to
find that the motorman, by keeping a sharp lookout,
would not have seen the wagon in time to have stop-
ped the car and averted the collision.

2. The court refused all instructions asked by defendant, and on its own motion gave the following:

"The court instructs the jury that it is the duty of a person driving along a railroad track to exercise ordinary care to avoid collisions with cars operated thereon. If you believe from the evidence that the plaintiff saw or knew of the approach of the car which collided with him or by the exercise of ordinary care might have known of its approach in time to have driven off the track and have averted the injury then he was guilty of negligence and cannot recover in this action, unless you believe that the motorman of the defendant knew or by the exercise of ordinary care might have known of plaintiff's danger in time to have averted the collision and after such knowledge or opportunity for such knowledge, negligently failed to use such means as were at his command to avoid the collision."

This instruction is clearly erroneous, in this, it told the jury that if plaintiff saw the car in time to drive off the track but did not do so, he was nevertheless entitled to recover if the motorman saw him or would have seen him had he kept a sharp lookout, in time to have stopped the car and averted the injury. If plaintiff saw or heard the car in time to have driven off the track and himself avoided the collision, then he was guilty of negligence that directly contributed to his injury and cannot recover. Davies v. Railway, 159 Mo. 1, 59 S. W. 982. This error was not cured by instruction 4, supra, given for plaintiff.

The following refused instruction relative to plaintiff's contributory negligence, asked by defendant, should have been given:

"13. If you find from the evidence that plaintiff saw the car approaching and afterwards had time to avert the alleged collision by using ordinary care in turning out and getting off the track, and out of the way of the car, and if you further find that plaintiff

after he saw the car approaching did not use ordinary care in turning out and getting off the track and out of the way of the car, then plaintiff was guilty of negligence and if you so find and find that such negligence was a proximate cause of the injuries, if any sustained by plaintiff without which they would not have been sustained, then your verdict must be for the defendant.

Plaintiff's instruction on the measure of damages is erroneous, for the reason it authorizes a recovery for medical attendance in the absence of any evidence whatever that plaintiff had paid or was obligated to pay for any such services.

The judgment is reversed and the cause remanded. All concur.