EVA C. HARLAN, Respondent v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 12, 1911.

CONTRIBUTORY NEGLIGENCE: Stepping Before Street Car: Street Sweeper. In a suit by plaintiff to recover damages for the death of her husband, the deceased was a street sweeper killed while in the act of stepping upon the track and in front of a passing car to which his back was turned. Deceased, while engaged in his work, started across the track without looking for an oncoming car. *Held*, that, notwithstanding the watchman—required by ordinance—may have been amiss in his duty to warn deceased of the approach of the car, and the gripman alike amiss in not giving the danger signal, the plaintiff was not entitled to recover by reason of the contributory negligence of the deceased in failing to look out for his own safety.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

REVERSED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. Under either version of the accident as given by plaintiff's witnesses deceased was guilty of such contributory negligence as bars a recovery. McGrath v. Railroad, 197 Mo. 107; Davies v. Railroad, 159 Mo. 6; Clancey v. Transit Co., 192 Mo. 655; Wheat v. City of St. Louis, 179 Mo. 572. (2) The court erred in giving the plaintiff's second instruction for the reason that it was misleading. Defendant was not required to notify deceased of the approach of a car; it owed him no higher duty than other persons on the street. Deceased, therefore, did not have "the right to rely on the presumption that said watchman was at his post and would do his duty and warn him of the approaching car" to the extent of excusing him in relaxing his duty to look and listen for approaching cars. To the extent that the jury probably understood it in that light it was misleading and erroneous. Davies v. Railroad, 159 Mo. 1; Evans v. Railroad, 178 Mo. 517. (3) The court erred in giving instruction number 4, on the measure of damages. If the petition was under sec. 2864, R. S. 1899, then the amount should have been $5000 or nothing; if under sec. 2866 it should have been any sum not to exceed $5000. There is no law authorizing a peremptory instruction for $4500. Casey v. Railroad, 116 Mo. App. 235; Anderson v. Railroad, 196 Mo. 442; Higgins v. Railroad, 197 Mo. 300.

*McCune, Harding, Brown & Murphy* for respondent.

(1) The court properly overruled defendant's demurrer to the evidence for the following reasons: (a) The city ordinance required the defendant to maintain a watchman at this crossing, and pursuant

thereto the defendant had so maintained a watchman for a long time, which was known to the deceased. The evidence shows that the watchman set his lanterns down on the sidewalk and left his place of duty. This was negligence *per se*. Edwards v. Railroad, 94 Mo. App. 36; Montgomery v. Railroad, 181 Mo. 501; Wharton on Law of Negligence (2 Ed.), p. 621, sec. 789; Murray v. Railroad, 101 Mo. 295; Eswin v. Railroad, 96 Mo. 295; Schlereth v. Railroad, 96 Mo. 515; Reed v. Railroad, 107 Mo. App. 244; Dickson v. Railroad, 104 Mo. 501. (b) The deceased had a right to presume that the defendant would obey the ordinance and that the watchman would stay at his place of duty to warn him of approaching cars. Montgomery v. Railroad, 181 Mo. 477; Riska v. Railroad, 180 Mo. 168. (c) The law presumes that Harlan was in the exercise of due care at the time of his death, and the burden of overthrowing this presumption is on the defendant. Flynn v. Railroad, 78 Mo. 212; Buesching v. Gas Co., 73 Mo. 233; Parsons v. Railroad, 94 Mo. 293; Riska v. Railroad, 180 Mo. 168; Weller v. Railroad, 120 Mo. 650. (d) "Where, as here, there is a violation of law of municipal regulation resulting in an injury, contributory negligence should be clearly made out, before the court relieves a defendant from liability on that ground." Jennings v. Railroad, 112 Mo. 276; Kellny v. Railroad, 101 Mo. 76; Gurley v. Railroad, 122 Mo. 150. (2) The court committed no error in giving instruction number two. Harlan had a right to rely upon the presumption that the watchman was at his post and would do his duty. (See cases cited under "b.") (3) The court committed no error in giving instruction number four. Marsh v. Railroad, 104 Mo. App. 577. (4) "The defendant was guilty of negligence *per se,* and the question as to whether the plaintiff was guilty of such contributory negligence as to preclude recovery was a question properly submit-

ted to the jury." · Reed v. Railroad, 107 Mo. App. 246; Doyle v. Trust Co., 140 Mo. 1.

BROADDUS, P. J.—The plaintiff sues to recover for the death of her husband alleged to have been killed by the negligence of the defendant.

The deceased was a street sweeper in Kansas City and was killed on December 4, 1903, by one of defendant's cars then operated by cable near the intersection of Grand avenue and Ninth street. He was killed in the night time by a south-bound car while he was in the act of stepping upon the track and in front of a passing car. At the time he was working in connection with Edward Phelan, the two had been sweeping the dirt into a pile—the deceased with his back to the north and Phelan with his back to the south. In the continuation of their work they started across the track without looking for an oncoming car. Phelan was in front and saw the car in time to avoid going forward and called out to warn deceased, but too late to save him from being struck.

An ordinance of the city required that the company keep a watchman at said point, and it was shown that one was so kept at this place. The evidence on the part of plaintiff tended to show that at the time the said watchman was not at his post of duty, or that if he was there, he failed to give notice of the approach of the car; that it was the duty of the sweepers to sweep between the defendant's tracks, and that no notice was given by the gripman of the approach of his car. Plaintiff's evidence tended to show further that the sweepers relied upon notice of approaching cars before leaving the tracks.

The evidence of defendant tends to show that the proper signal was given by the gripman, and that the watchman was at his post and performed his duty in giving notice of the approaching car.

The plaintiff seeks to recover upon the following grounds.

First: That the watchman whose duty it was to warn people using this crossing of the approach of the cars, was not present at the time and gave no warning to the deceased. Second: That the gripman failed to give any warning signal or notice of the approach of the car. Third: That the agents and servants in charge of the train, saw, or by the exercise of ordinary care, might have seen deceased in a position of peril in time to have stopped the car and avoided killing him.

The answer of defendant was a general denial and a plea of contributory negligence. At the close of plaintiff's evidence the defendant tendered a demurrer which the court overruled. At the close of all the evidence the court gave various instructions for each party. The jury returned a verdict for the plaintiff in the sum of $4500. From the judgment defendant appealed.

It is the contention of appellant that under the evidence respondent was not entitled to recover, and that its demurrer to plaintiff's case should have been given. It is said that: "It is the duty of an employee working on a street railway track to use his sense of sight and sense of hearing to discover the approach of a car. He had no right to become so engrossed in his work as to become negligent of his own safety." [McGrath v. St. Louis Transit Co., 197 Mo. 97.] In another case it said: "Certainly it must go by the saying, that the voluntary assumption of a position upon or so near to the tracks of a street railway, over which cars are run every few minutes, that they cannot pass without inflicting an injury to the party so positioned, unless the intervention of some independent agency occurs to prevent it, is an act in itself of the grossest negligence." [Davies v. Railroad Co., 159 Mo. 1.] And similar in Clancy v. Transit Co., 192 Mo. 615.

It is true that what constitutes negligence as a general rule is a question for the jury. But where as is said in Davies v. Railroad, supra, if the act of deceased did not constitute contributory negligence, "it would be idle to search the field of practical experience for an illustration of what is termed in law an act of contributory negligence." Notwithstanding the watchman may have been remiss in his duty to warn deceased of the approach of the car, and the gripman alike remiss in not giving the danger signal, the plaintiff was not entitled to recover by reason of the contributory negligence of the deceased in failing to look out for his own safety. Reversed. All concur.